David BUNTZMAN

v.

SPRINGFIELD REDEVELOPMENT
AUTHORITY, et al.

Civ. A. No. 89–30085–MAP.

United States District Court,
D. Massachusetts.

March 13, 1996.

Dennis A. Shedd, Max D. Stern, Stern, Shapiro, Weissberg & Garin, Boston, MA, for David Buntzman.

Charles V. Ryan, Jr., Timothy J. Ryan, Charles V. Ryan, Ryan, Martin, Costello, Allison & Leiter, John D. Ross, III, Springfield, MA, for Springfield Central Foundation, Inc., Springfield Central Business Dist., Inc., Springfield Central Development, Inc.

Francis D. Dibble, Jr., Jerome M. Scully, Bulkley, Richardson & Gelinas, Springfield, MA, Charles V. Ryan, Jr., William F. Howard, III, Springfield, MA, for Springfield Redevelopment Authority.

*MEMORANDUM REGARDING
PLAINTIFF'S MOTION FOR
STAY PENDING APPEAL*

(Docket No. 274)

PONSOR, District Judge.

On January 26, 1996 this court entered oral findings in favor of the defendants, following a non-jury trial in which the plaintiff claimed that he was unconstitutionally deprived of his property during an eminent domain proceeding.

At the time that the court made its findings, counsel for the plaintiff orally moved for a stay pending appeal. The court issued a scheduling order setting a timetable for filing and opposing a written motion. This has been done and the issue of a stay is now ripe for decision.

Counsel agree that the criteria to be satisfied in a motion to stay under Fed. R.Civ.P. 62(c) are essentially equivalent to those required for an injunction. These are:

likelihood of success on the merits, irreparable harm, balance of harm favoring the moving party and a superior claim to the general public interest.

■ The difficulty in this case arises from the tension between the extreme tenuousness of plaintiff's claim—in the court's view at least, plaintiff possesses almost no likelihood of success on the merits of his appeal—and the fact that plaintiff's appeal would be rendered completely moot—he will be irreparably harmed—unless the court grants the stay. A few words should be said on these points.

The court's conviction that the plaintiff's appeal lacks merit arises from more than the bias of a trial judge in favor of his own decision. First, the viability of plaintiff's case as a matter of law is highly doubtful. Plaintiff's counsel has been unable to cite, and the court has been unable to find, a single reported case anywhere in the country in which 42 U.S.C. § 1983 was successfully, or even unsuccessfully, employed to challenge an eminent domain taking. Only the extreme vigor of plaintiff's counsel's advocacy was able to perform the near miracle of even getting this case to trial.

Even accepting plaintiff's due process argument, the path to a successful appeal is also blocked by a mountain of contrary facts. The trial revealed, and the court found, that—even assuming that the plaintiff has due process rights in connection with the taking enforceable under § 1983—the actions of the defendants more than satisfied any such hypothetical entitlement. Defendants did not just bend over backwards to accommodate plaintiff, they virtually twisted themselves into the shape of a pretzel to give him an opportunity to submit a development plan and avoid the taking. He and his representatives were afforded numerous opportunities to be heard and to make written submissions. Far from exhibiting prejudice against plaintiff, the evidence demonstrated clearly that defendants would have been delighted to approve and support *any* realistic plan that would have given them reasonable assurance that this property would be developed by plaintiff. Nevertheless, despite a number of opportunities, plaintiff for his own reasons doggedly refused ever to submit such a plan. The few papers that were presented to the defendants, the court has found, were woefully inadequate, and the plaintiff candidly testified that he had no intention of *ever* submitting more.

In short, given the twin hurdles facing plaintiff, the court must conclude that the likelihood of success on the merits is slender at best.

At the same time, regarding irreparable harm, it is also clear that if the City of Springfield were to dispose of the property during the pendency of the appeal, the entire appellate process would be mooted. The plaintiff here is not merely seeking compensation for his building; he wants it returned to him. He seeks *another* opportunity, through a reconstituted process comporting (in his view) with constitutional minimums, to convince the defendants that the property should not be taken from him at all. Obviously, if the building is gone, any appeal is senseless. This loss would not—in plaintiff's view—be remedied by payment of money damages through the parallel state eminent domain proceedings.

Regarding the "balance of harm" criterion, however, the plaintiff is not the only party vulnerable to injury during the appeal. Springfield officials have already begun a feasibility study to determine the redevelopment opportunities for the property. Meetings have taken place with University of Massachusetts president William Bulger and the University's chancellor David Scott to discuss the possibility of developing the property into an educational center for area colleges. Affidavit of Thomas J. McColgan at ¶ 3. The loss of an opportunity finally to develop this important piece of downtown real estate during the pendency of such a doubtful appeal would be a blow to all the citizens of Springfield.

Moreover, the potential harm resulting from allowance of this stay derives not only from the loss of development potential. Eminent domain proceedings in the state court to determine just compensation for the property have been ongoing for years. The City is rightly concerned that the pending appeal

will be used by plaintiff unfairly as leverage during settlement negotiations aimed at resolving those state court proceedings.

The complexity of weighing the fourth criterion—public interest—can readily be ascertained from what has already been stated. Plaintiff emphasizes the importance of permitting a meaningful appeal; defendants cite the unfairness to the community.

Weighing all these factors, the court has concluded, not with much pleasure, that plaintiff's alternative proposal for a stay is the least bad. Defendants will *not* be enjoined from transferring or otherwise encumbering the property during the pendency of the appeal, but they will be ordered to give plaintiff thirty (30) days notice of any such intention. In rendering this decision, the court is balancing the real and immediate blow to plaintiff—the evisceration of his appeal—against what is now a somewhat more speculative possibility that a development opportunity will be lost. In the event that a concrete prospect for development does arise, defendants will be free to take whatever action they deem appropriate upon thirty (30) days notice to the plaintiff. In the court's view, plaintiff will be hard pressed to block defendants' disposition of the property in these circumstances.

For the foregoing reasons, the court hereby orders entry of judgment in favor of the defendants in accordance with its findings and conclusions rendered orally on January 26, 1996. By separate ruling, the court has vacated the entry of default against Springfield Central Business District, Inc., Springfield Central Development, Inc. and Springfield Central Foundation, Inc. and hereby enters judgment in their favor as well as in favor of the other defendants. Defendants however will be enjoined during the pendency of the appeal from transferring or otherwise encumbering their interest in the property that is the subject of this lawsuit unless they give the plaintiff thirty (30) days advance notice.

A separate order will issue.

### ORDER

For the reasons stated in the accompanying Memorandum, plaintiff's Motion for Stay Pending Appeal is hereby ALLOWED, in part. The clerk is ordered to enter judgment in favor of all defendants in accordance with the court's oral findings of fact and conclusions of law rendered January 26, 1996. Defendants are enjoined from transferring or otherwise encumbering their interest in the property that is the subject of this lawsuit during the pendency of any appeal in this case, unless prior to any such transference or encumbrance they give thirty (30) days advance notice to the plaintiff.